NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

SPRING CREEK HOLDING COMPANY,  :
INC., HILLEL MEYERS and           :
SEYMOUR SVIRSKY,                 :
                                       :
      Plaintiffs/Counterclaim-   :
      Defendants,                :
                                       :     Civil Action No. 02-cv-376 (JLL)
v.                               :
                                       :
MARVIN KEITH,                :
                                       :
      Defendant/Counterclaimant,  :
      Third Party Plaintiff,      :
                                       :
v.                               :
                                       :
METAIRIE CORPORATION, RACHEL  :     **OPINION AND ORDER**
ASSOCIATES CORPORATION, JOHN  :
DOES NOS. 1 THROUGH 100 and ABC :
ENTITY NOS. 1 THROUGH 100,     :
PULTE COMMUNITIES N.J.,       :
LIMITED PARTNERSHIP AND      :
SHINNIHON USA CO., LTD.,      :
                                       :
      Third Party Defendants.     :
_____:

**LINARES**, District Judge.

This matter comes before the Court on Defendant/Third-Party Plaintiff Marvin Keith's

("Keith") appeal of the April 17, 2006 Order of the Honorable Magistrate Judge Ronald J.

Hedges, U.S.M.J., which prohibits Keith from conducting any additional discovery in the present

action.  This motion is resolved without oral argument pursuant to Rule 78 of the Federal Rules

of Civil Procedure.  For the reasons stated herein, Keith's motion is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties are familiar with the facts of this matter, therefore the Court will set forth only those facts relevant to the present motion. The instant action was filed on January 29, 2002. The Court originally established a discovery end date of September 1, 2002. (Am. Scheduling Order ¶ 1, Apr. 29, 2002). Keith's original counsel, Gruhin & Gruhin, P.A., moved to withdraw as Keith's counsel on May 8, 2002, and Strasser & Associates ("Strasser" or "the Strasser firm") substituted as counsel on June 10, 2002. In October 2002, the discovery end date was extended to December 16, 2002, to allow for the completion of already-noticed depositions. (Case Management Order ¶ 3, Oct. 29, 2002).

Keith contends that his representation by the Strasser firm was declining during this period and the firm formally moved to withdraw as Keith's counsel in February 2003. Keith claims that he was essentially unrepresented until his current counsel, Richard D. Gaines, Esq., substituted in March 2004. Following this substitution, there were two failed settlement attempts in September and December 2004. After the first attempt failed in September, Keith addressed a letter to the Court on September 28, 2004, stating that additional discovery would be required. Keith submitted a similar letter dated May 2, 2005,[1] setting forth a list of the additional discovery pursuant to this Court's request. At a pretrial conference on November 10, 2004, Keith informed Magistrate Judge Hedges of his intention to move for additional discovery. The Magistrate Judge responded by ordering Keith to refrain from further discovery motions until the pending motions were resolved. (Order, Nov. 10, 2004).

---

[1]Keith represents the date of this letter as May 5, 2005 in the motion papers to the Court. After reviewing the record, the Court notes that the correct date of this letter is May 2, 2005.

On April 17, 2006, Magistrate Judge Hedges heard argument from counsel regarding Keith's application to take depositions of approximately ten additional witnesses to preserve their testimony for trial.  Magistrate Judge Hedges denied Keith's application for additional discovery for two reasons.  First, the Magistrate Judge found that the identity of the witnesses whom Keith seeks to depose was known to Keith's counsel during the discovery period and that these depositions could have been conducted before discovery closed on December 16, 2002.  (Mot. to Reopen Discovery before Mag. Judge Hedges, T:7:7-15).  Second, he opined that Keith could have made an application to reopen discovery, but failed to do so.  (Id.)

Presently, Keith appeals Magistrate Judge Hedges' ruling of April 17, 2006, denying Keith's application for additional discovery.  This motion is unopposed.

## STANDARD OF REVIEW

"A United States Magistrate Judge may 'hear and determine any [non-dispositive] pretrial matter pending before the court.'"  Cardona v. General Motors Corp., 942 F. Supp. 968, 970 (D.N.J. 1996) (quoting 28 U.S.C. § 636(b)(1)(A)); see also Fed. R. Civ. P. 72(a).  On appeal from such an order, the scope of this Court's review is narrow.  Local Rule 72.1(c)(1)(A) governs appeals from non-dispositive orders of the magistrate judge.  The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).  Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395, reh'g denied, 333 U.S. 869 (1948)).  The district court will not

reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently.  Bowen v. Parking Auth. of City of Camden, 2002 WL 1754493, *3 (D.N.J. Jul. 30, 2002).  "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review."  Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000).  A magistrate judge's legal conclusions, however, are subject to de novo review.  Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Campbell v. Int'l Business Machines, 912 F. Supp. 116, 119 (D.N.J. 1996); Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995).  "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law."  Bobian v. CSA Czech Airlines, 222 F. Supp. 2d 598, 601 (D.N.J. 2002) (citing Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998)).

A magistrate judge's ruling concerning discovery is non-dispositive.  See, e.g., Cunningham v. Hamilton County, 527 U.S. 198, 201 (1999); Tarlon v. Cumberland Co. Corr. Facility, 192 F.R.D. 165 (D.N.J. 2000).  Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied.  Port Auth.v. Affiliated FM Ins. Co., 2001 U.S. Dist. LEXIS 7579, *5 (D.N.J. Mar. 29, 2001) ; see also Envtl. Tectonics v. W.S. Kilpatrick & Co., 659 F. Supp. 1381, 1399 (D.N.J. 1987) (citations omitted), mod., 847 F.2d 1052 (3d Cir. 1988), aff'd, 493 U.S. 400 (1990); Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998). "This test displays considerable deference to the determination of magistrates in such matters."  7 Moore's Federal Practice ¶ 72.03(7.-3) at 72-42 (1989).

Here, Magistrate Judge Hedges' April 17, 2006 ruling pertained to discovery matters.  As

such, the Court will treat Keith's "objections" to the Magistrate Judge's order as an appeal and

review Magistrate Judge Hedges' ruling under the abuse of discretion standard.  In light of this

framework, the Court turns to Keith's appeal of Magistrate Judge Hedges' April 17, 2006 ruling.

## DISCUSSION

Rule 16(b) of the Federal Rules of Civil Procedure governs modification of case

management orders.  Rule 16 provides that a scheduling order "shall not be modified except

upon a showing of good cause and by leave of the district judge or, when authorized by local

rule, by a magistrate judge."  Fed. R. Civ. P. 16(b).  In this district, "the Magistrate Judge ... may

revise any prior scheduling order for good cause."[2]  L. Civ. R. 16.1(a)(2).  A determination of

good cause depends on the diligence of the moving party.  <u>Globespanvirata, Inc. v. Texas</u>

<u>Instruments, Inc.</u>, No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. Jul. 12, 2005) (citations

omitted).  The moving party has the burden of demonstrating that "despite its diligence, it could

not reasonably have met the scheduling order deadline."  <u>Hutchins v. United Parcel Service, Inc.</u>,

No. 01-1462, 2005 WL 1793695, at *3 (D.N.J. 2005).  In addition, absence of prejudice to the

non-moving party is not a consideration under the good cause standard.  <u>Globespanvirata</u>, 2005

---

[2] In his moving brief, Keith asserts that the proper standard for deciding whether to
modify a scheduling order consists of a 4-prong inquiry: "(1) there is good reason for failure to
comply with original order, (2) importance of testimony sought, (3) potential prejudice in
allowing the testimony, and (4) availability of a continuance to cure such prejudice."  (Keith's
Obj. Mag. Hedges' Order Den. Mot. to Reopen Discovery 7).  Keith's reliance on this standard is
misplaced.  The aforementioned standard is used when determining whether to allow the
admission of expert testimony after the discovery period has ended.  <u>Potomac Elec. Power Co. v.
Electric Motor Supply, Inc.</u>, 190 F.R.D. 372, 377 (D. Md. 1999); <u>Arnold v. Krause, Inc.</u>, 232
F.R.D. 58, 68 (W.D.N.Y. 2004).  This is not a generally applicable rule for modifications to
scheduling orders.  After examining the record, including Keith's May 2, 2005 letter to this Court
which sets forth Keith's requested discovery, it is apparent that Keith does not designate who, if
any, of the listed witnesses will serve as experts in this case.  Since there is no designation of
experts, the standard for modification that Keith argues in his moving papers is inapplicable.

WL 1638136 at *3.

As noted above, discovery in this matter closed on December 16, 2002, over three years ago. Keith maintains that discovery could not have been completed given the level of litigation activity during this period. He also points to disputes between Keith and his counsel at the time. However, Keith admits that he knew the identity of all witnesses he now wishes to depose before discovery ended. (T:5:24-6:4). Further, there is nothing in the record to indicate that Keith made an application to extend discovery beyond the December 2002 deadline. As such, Magistrate Judge Hedges' determination to deny Keith's application to re-open discovery was not an abuse of discretion.

Keith further argues that the testimony of these witnesses is very important and will "substantiate [his] claims," yet he does not explain why such critical testimony was left until the last minute. (Keith's Objs. Mag. Hedges' Order Den. Mot. to Reopen Discovery 11). Further, Keith commends his former counsel, the Strasser firm, for acting "with diligence in handling discovery," while suggesting that the denial of this motion by this Court may lead to malpractice claims against Strasser. (Id. 10-12). Keith urges the Court to overturn Magistrate Judge Hedges' April 17 ruling on this basis, arguing that denial of this appeal will lead to further litigation in this matter. Keith's argument regarding potential malpractice against Keith's former counsel, however, does not evidence an abuse of discretion with respect to Magistrate Judge Hedges' April 17 ruling. In addition, Keith argues that his current counsel, Mr. Gaines, who was retained in March 2004, could not have moved to reopen discovery earlier due to Judge Hedges' Order of November 10, 2004 precluding him from filing further discovery motions. While it appears that counsel may have been prohibited from seeking additional discovery after November 2004, Mr.

Gaines represented Keith for nearly eight unrestricted months prior to the Magistrate Judge's Order of November 10, during which time the necessary motion could have been filed.

In sum, the record reflects that Keith knew the identity of the witnesses prior to the end of the December 2002 discovery period, that the depositions could have been taken during the discovery period, and that Keith's current counsel could have moved to reopen discovery during the eight month period in which he was unrestrained from filing additional discovery motions. As such, this Court finds no evidence of abuse of discretion.  Therefore, the Magistrate Judge's ruling of April 17 shall be affirmed.

## CONCLUSION

For the foregoing reasons, it is on this 18th day of August, 2006, hereby:

**ORDERED** that Defendant/Third-Party Plaintiff Marvin Keith's appeal of Magistrate Judge Hedges' April 17, 2006 Order is DENIED.

It is so ordered.


DATED: August 18, 2006                          s/ Jose L. Linares
                                                United States District Judge

-7-