## UNITED STATES DISTRICT COURT
### District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

## LETTER-OPINION AND ORDER

September 18, 2006

Edward a Stein, Esq.
2 University Plaza
Suite 202
Hackensack, NJ 07601

Michael L. Volin, Esq.
Archer & Greiner
One Centennial Square
Haddonfield, NJ 08033

William I. Strasser, Esq.
Strasser & Associates
7 East Ridgewood Avenue
Paramus, NJ 07652

Steven M. Richman, Esq.
Duane Morris LLP
240 Princeton Avenue
Suite 150
Hamilton, NJ 08619

Richard D. Gaines, Esq.
Richard D. Gaines & Associates, P.C.
49 High Street
Newton, NJ 07860

Re:   **Spring Creek Holding, et al. v. Keith**
      **Civil Action No.: 02-CV-376 (JLL)**

**LINARES**, District Judge.

This matter comes before the Court on Defendant and Third-Party Plaintiff Marvin
Keith's ("Keith") appeal of the January 11, 2006[1] Letter-Opinion and Order of the Honorable
Magistrate Judge Ronald J. Hedges, U.S.M.J. regarding the motion of Shinnihon U.S.A., Co.,
Ltd., ("Shinnihon"), Spring Creek Holding, Co., Inc., ("Spring Creek"), and Metairie Corporation
("Metairie"), to discharge the lis pendens notices filed by Keith in December 2004 and
September 2005. Magistrate Judge Hedges' January 11 decision also addressed Spring Creek

---

[1]Although Magistrate Judge Hedges' Letter-Opinion and Order is dated January 11, 2005,
it was filed and entered on January 11, 2006. (See Docket Entry 218). As such, the Court will
refer to the January 11, 2006 Letter-Opinion and Order.

-1-

and Metairie's motion for Rule 11 sanctions, and Keith's cross-motion to amend the Third Amended Complaint. This motion is resolved without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.

## BACKGROUND

As the Court writes only for the parties, a familiarity with the underlying background facts will be assumed. Therefore, a detailed factual background in this case will not be repeated here, except where necessary to provide context for the resolution of the instant motion. Plaintiffs Seymour Svirsky and Hillel Meyers filed an action against Keith on January 29, 2002, alleging breach of contract, breach of fiduciary duty, and fraud. Keith filed an Answer, Counterclaims, and a Third-Party Complaint in which he claims he is the sole shareholder of Spring Creek and that Svirsky and Meyers have no authority to act on Spring Creek's behalf. Based on his Counterclaims, Keith filed lis pendens notices against the Shinnihon, Metairie, and Spring Creek properties. These notices were discharged by the Honorable Dennis M. Judge Cavanaugh, U.S.D.J. in August 2002. Keith filed new lis pendens notices on the same properties in December of 2004. In September of 2005, Keith filed two more notices against Metairie and the "Remainder Lands."

By Letter-Opinion and Order dated September 26, 2005, this Court dismissed Keith's claims against Shinnihon. Shinnihon subsequently moved to discharge the lis pendens notices against its property on this basis. Metairie and Spring Creek also move to discharge lis pendens notices and to impose sanctions against Keith for alleged improper filings in violation of Judge Cavanaugh's August 2002 Order. Keith cross-moved to amend the Third-Amended Complaint to include claims against Shinnihon.

In his January 11 Letter-Opinion and Order, Magistrate Judge Hedges ruled on these motions. Judge Hedges granted both motions to discharge the lis pendens notices. Magistrate Judge Hedges concluded that Keith has no remaining valid claims against Shinnihon, and as such, Keith could no longer maintain a lis pendens against Shinnihon's property. Metairie and Spring Creek's motion to discharge was granted because Judge Hedges found that Keith did not present enough evidence to show a "significant change in circumstances" that would make the filing of successive lis pendens notices permissible. Judge Hedges also denied Keith's motion for leave to amend the Third-Amended Complaint, finding that an amendment would be futile. Finally, Judge Hedges granted Metairie and Spring Creek's motion for Rule 11 sanctions against Keith for improper filing of notices of lis pendens in violation of Judge Cavanaugh's August 2002 Order dismissing the initial lis pendens notices. Judge Hedges imposed sanctions and declared that any further filings against the Court's Order would result in further sanctions.

Presently, Keith appeals Magistrate Judge Hedges' January 11 Letter-Opinion and Order.

## LEGAL STANDARD

A United States Magistrate Judge may hear and determine any [non-dispositive] pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A). The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Therefore, "this Court will review a magistrate judge's findings of fact for clear error." Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995)). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395, reh'g denied, 333 U.S. 869 (1948)). The district court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently. Bowen v. Parking Auth. of City of Camden, No. 00-5765, 2002 WL 1754493, at *3 (D.N.J. Jul. 30, 2002). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000). A magistrate judge's legal conclusions, however, are subject to de novo review. Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir.), reh'g denied, 975 F.2d 81 (3d Cir. 1992); Lo Bosco, 891 F. Supp. at 1037. "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." Bobian v. CSA Czech Airlines, 222 F. Supp. 2d 598, 601 (D.N.J. 2002) (citing Gunter v. Ridgewood Energy Corp., 32 F. Supp. 162, 164 (D.N.J. 1998)).

Motions to amend are usually considered non-dispositive motions. See e.g., Marks v. Struble, 347 F. Supp. 2d 136 (D.N.J. 2004) (treating a motion to amend as non-dispositive); Harter v. GAF Corp., F.R.D. 502, 509 (D.N.J. 1993) (noting that a magistrate judge's denial of a motion to amend "concerned a nondispositive motion"). In this Circuit, the issue of discharge of lis pendens notices has also been considered non-dispositive. See, e.g., Demenus v. Tinton 35 Inc., 873 F.2d 50 (3d Cir. 1989) (declining to consider appeal from order of district court discharging notice of lis pendens because it was an appeal from a non-final order). Furthermore, Rule 11 sanctions and the discharge of lis pendens notices also concern matters that are non-dispositive. However, it is unclear whether Rule 11 sanctions are considered dispositive. In re Prudential Ins. Co. of America Sales Practices Litigation, 63 F. Supp. 2d 516, 519 (D.N.J. 1999).

## DISCUSSION

**A.      Shinnihon**

**1.      Discharge of Lis Pendens**

In the January 11 Letter-Opinion and Order, Magistrate Judge Hedges granted Shinnihon's motion to discharge the lis pendens notice filed against Shinnihon's property. In New Jersey, a party who seeks to affect the title to real estate or a lien may file a notice of lis

pendens with the title registrar. N.J.S.A. § 2A:15-6. The Court can order the notice of lis pendens discharged upon a determination that there is not a sufficient probability of final judgment in favor of the plaintiff. N.J.S.A. § 2A:15-7(b). In his January 11 decision, Magistrate Judge Hedges reasoned that "the [lis pendens] statute contemplates the existence of valid claims against the owner of the property subject to the lis pendens notice." (Letter-Opinion and Order at 3, January 11, 2006). Clearly, the plaintiff has the burden to show that there is "probability that final judgment will be entered in favor of plaintiff sufficient to justify the filing or continuation of the notice of lis pendens." Fravega v. Security Sav. and Loan Ass'n, 192 N.J. Super. 213, 218 (Ch. Div. 1988) (citing N.J.S.A. 2A:15-7(b)). Keith has failed to do so here as this Court dismissed Keith's claims against Shinnihon by Letter-Opinion and Order dated September 26, 2005.

Keith contends that a lis pendens filed with respect to a pending suit shall remain valid even where there is an adverse judgment in a lower courts. Keith's reliance on Boice v. Conover, 69 N.J.Eq. 580, 597 (1905), is misplaced. Boice provides that a lis pendens may not be automatically terminated in such a case and that an independent request to dismiss may be made and granted by the Court. That Court noted, "while a judgment or decree in a lower court against the right claimed does not necessarily and at once terminate the lis pendens, and the notice continues during a reasonable time for an appeal to be taken ...." Id. at 597. This is not the case in the instant matter as there was an affirmative request by Shinnihon to discharge the notices.

Based on the foregoing, the discharge by Magistrate Judge Hedges of the lis pendens notices against Shinnihon was not clearly erroneous or contrary to law, and as such, his January 11 ruling pertaining to Shinnihon is affirmed.[2]

## 2.    Rule 11 Sanctions

Shinnihon argues that it is entitled to sanctions against Keith and his counsel for the filing of the instant motion. The Court notes that Shinnihon's request for Rule 11 sanctions was not made in a separate application; but rather, it was included in its responsive brief to Keith's instant appeal of Magistrate Judge Hedges' January 11 Letter-Opinion and Order. However, a motion by party seeking sanctions must be made separately from other motions. Fed. R. Civ. P. 11(c)(1). Clearly, that procedure was not followed by here. Accordingly, Shinnihon's application shall be denied.

## 3.    Cross-Motion to Amend Third Amended Complaint

As correctly noted by Magistrate Judge Hedges in his January 11 Letter-Opinion and

---

[2]Keith, apparently relying on N.J.S.A. 2A:15-7(b), further argues that the lis pendens notices may not be discharged because they are based on "a written document signed by defendant." (Br. in Supp. at 10). However, Keith never cites to it or attaches a copy for the Court's review.

Order, leave to amend a pleading will be freely given when justice requires, in the absence of four exceptions where such leave will be denied: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. (Letter-Op. and Order at 4) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Rolo v. City of Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir. 1998)). In the absence of clear error, this Court will not reverse Magistrate Judge Hedges' determination. Magistrate Judge Hedges provided sound reasoning for denying Keith's motion to amend on the basis that granting the motion would cause undue delay in finally litigating the case and that the motion was a result of Keith's dilatory actions. (Letter-Op. and Order at 4, January 11, 2006). Given the procedural history of this case, this Court cannot say that the Magistrate Judge's ruling, that the proposed amendment was futile, was clearly erroneous or contrary to law, and accordingly, it will not be disturbed. Therefore, Magistrate Judge Hedges' January 11, 2006 ruling, denying Keith leave to amend the Third-Amended Complaint, is affirmed.

## B.    Spring Creek and Metairie

### 1.    Discharge of Lis Pendens

Magistrate Judge Hedges also granted Spring Creek and Metairie's motion to discharge lis pendens. Judge Hedges considered the purported new evidence asserted by Keith, and found that it did not constitute sufficient significant changes in circumstances to warrant the re-filing of the lis pendens notices after Judge Cavanaugh previously discharged the notices in June 2002. This Court has reviewed the new evidence asserted by Keith, and referred to by the Magistrate Judge in the January 11 decision. After considering the new evidence, this Court cannot say that the Magistrate Judge's decision that the items did not demonstrate significant changes in circumstances, was clearly erroneous or contrary to law. Therefore, the Magistrate Judge's decision on this point is affirmed.

### 2.    Rule 11 Sanctions

Magistrate Judge Hedges granted Metairie and Spring Creek's motion for Rule 11 sanctions in connection with Keith's filing of new lis pendens notices. (Letter-Op. and Order at 5, Jan. 11, 2006). Rule 11 allows for "the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Warren v. Guelker, 29 F.3d 1386, 1388 (9th Cir. 1994). "Rule 11 sanctions are based on 'an objective standard of reasonableness under the circumstances.'" Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir. 1995) (quoting Landon v. Hunt, 938 F.2d 450, 453 n. 3 (3d Cir. 1991)). Keith argues that this Court's denial of Keith's preliminary injunction motion on February 18, 2005 supports a finding of a significant change in circumstances. At that time, Keith sought a preliminary injunction to prevent Svirsky, Meyers and Metairie from selling or encumbering the Metairie assets, and Keith further sought to enjoin Svirsky, Meyers and Spring Creek from seeking preliminary site approvals and zoning in connection with the development of the Remainder Lands. This Court found that Keith failed to establish irreparable harm. (Order at 2-

3, Feb. 17, 2005).  Keith now contends that this Court's silence with respect to the issue of likelihood of success on the merits led him to believe that he had developed sufficient facts to sustain a probability of success.  This, according to Keith, constituted changed circumstances for re-filing of the lis pendens notices.  (Br. in Supp. at 22).  Keith's assertion that he "believed" that he satisfactorily showed a probability of success on the merits, and that this somehow constituted a *significant* change in circumstances strains logic.  Thus, even reviewing this matter de novo, it does not appear that there has been a significant change in circumstances warranting a renewed filing of the lis pendens notices.  Therefore, the award of sanctions was proper.

## CONCLUSION

For the foregoing reasons, it is on this 18th day of September, 2006, hereby:

**ORDERED** that Magistrate Judge Hedges' Letter-Opinion and Order of January 11, 2006 is hereby AFFIRMED; and it is further

**ORDERED** that Keith's appeal [Docket Entry 220] is DISMISSED.

It is so ordered.


DATED: September 18, 2006                    /s/ Jose L. Linares
                                             UNITED STATES DISTRICT JUDGE